# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sandra Sanders,

                    Plaintiff,          Case No. 23-10779

v.                                      Judith E. Levy
                                        United States District Judge
Ray's Check Cashing, et al.,
                                        Mag. Judge Elizabeth A.
                    Defendants.         Stafford

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On April 4, 2023, Plaintiff Sandra Sanders, proceeding *pro se*, filed a complaint (ECF No. 1), an application to proceed without prepaying fees or costs (ECF No. 2), and a motion for a temporary restraining order and a preliminary injunction. (ECF No. 3.) On April 5, 2023, the Court entered an order striking Plaintiff's complaint and motion for failure to comply with Federal Rule of Civil Procedure 11(a)'s signature requirement. (ECF No. 6.) The Court indicated that "Plaintiff may refile her complaint and motion once they are signed." (*Id.* at PageID.82.) On April 10, 2023, Plaintiff filed several additional exhibits related to her motion. (ECF No. 8.) On May 15, 2023, the Court granted Plaintiff's

application to proceed without prepaying fees or costs and ordered Plaintiff to file a signed copy of her complaint by May 31, 2023 so the Court could conduct the required screening under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 9.) Plaintiff failed to take the required action. On June 7, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2. (ECF No. 10.) The Court indicated that "Plaintiff may satisfy this order by filing a signed copy of her complaint." (*Id.* at PageID.93.) To date, Plaintiff has not filed a signed copy of the complaint or otherwise responded to the Court's orders.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nolan v. Comm'r of Soc. Sec.*, No. 19-13401, 2020 WL 9763072, at *1 (E.D. Mich. Mar. 10, 2020) ("A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order."), *report and recommendation adopted*, No. 19-cv-13401, 2020 WL 9763071 (E.D. Mich. June 19, 2020); *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (stating that Rule 41(b) "authorizes the district court to dismiss a

plaintiff's action for failure to prosecute"). Although the rule contemplates dismissal on the motion of a defendant, the Supreme Court has held that district courts may also dismiss a case on its own under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962). Eastern District of Michigan Local Rule 41.2 similarly authorizes the dismissal of a case on the Court's own motion following reasonable notice "when it appears . . . that the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating the dismissal of a case for failure to prosecute or to comply with a court order, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd.*

3

*of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, Plaintiff has failed to file a signed copy of the complaint despite three orders of the Court directing her to do so. (*See* ECF No. 6, PageID.82; ECF No. 9, PageID.91; ECF No. 10, PageID.93.) There is no indication on the docket that these orders were returned to the Court as undeliverable. Nor has Plaintiff notified the Court of a change of address since these orders were entered. Such conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing [her] claim, which indicates an intention to let [her] case lapse." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008). Thus, the first factor—whether the failure was due to willfulness, bad faith, or fault—weighs against Plaintiff.

The second factor—whether the adversary was prejudiced by the party's conduct—weighs in Plaintiff's favor. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Id.* (alterations in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here,

4

none of the Defendants have been served or have filed an appearance in this case. As a result, Defendants have not been prejudiced by Plaintiff's conduct.

The third factor weighs against Plaintiff. "Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). The Court previously warned Plaintiff that failure to comply with the Court's orders could result to the dismissal of her case. (*See* ECF No. 10.)

Finally, the fourth factor—whether the Court has considered less drastic sanctions prior to dismissal—also weighs against Plaintiff. "[T]he sanction of dismissal is appropriate only if the [party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 738 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). However, the Sixth Circuit has "'never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of . . . neglect' and is 'loathe to require the district court to incant a litany of the available lesser sanctions.'" *Id.* (quoting *Harmon*, 110 F.3d at 368). Here,

the Court instructed Plaintiff to file a signed copy of the complaint on three occasions, and Plaintiff took no action despite being given ample time to correct the deficiency. (*See* ECF No. 6, PageID.82; ECF No. 9, PageID.91; ECF No. 10, PageID.93.) Because there is no valid, signed complaint before the Court in this case, any lesser sanction would not be appropriate.

In sum, three of the four factors listed above favor dismissal. Accordingly, the Court concludes that dismissal of the complaint without prejudice is warranted in light of Plaintiff's failure to prosecute this case or comply with the Court's orders.

For the reasons set forth above, this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: July 12, 2023                s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager